UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANA NESSEL, Attorney
General of the State of Michigan,

    Plaintiff,                  No.

v.                              HON.

BOLO CELLARS, LLC,

    Defendant.
_____

Rosendo Asevedo, Jr. (P28369)
Melinda A. Leonard (P63638)
Attorneys for Plaintiff
Michigan Department of Attorney General
Alcohol and Gambling Enforcement Division
25680 W. 8 Mile Rd.
Southfield, MI  48033
(313) 456-1180
AsevedoR@Michigan.gov
_____/

## COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS PURSUANT TO THE TWENTY-FIRST AMENDMENT ENFORCEMENT ACT AND MICHIGAN CONSUMER PROTECTION ACT

## I.   <u>PRELIMINARY STATEMENT</u>

1.     Plaintiff, Michigan Attorney General Dana Nessel, brings this lawsuit against Defendant, Bolo Cellars, LLC, and seeks preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, and costs and fines pursuant to the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, *et seq*.

2.     Bolo Cellars, LLC, has illegally sold and shipped intoxicating liquors to consumers in Michigan without licensure by the Michigan Liquor Control Commission (MLCC).

3.     These practices violate several provisions of the Michigan Liquor Control Code, as well as section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903.

4.     The MLCC, in partnership with the Michigan Department of Attorney General, has dedicated extensive resources to enforcing Michigan's alcohol sale and shipping restrictions.

5.     In furtherance of the efforts to combat illegal sales and shipments of alcohol and avoid litigation, Plaintiff Nessel has attempted

to stop Bolo Cellars, LLC, from making illegal sales and shipments by issuing a cease-and-desist letter.  See Exhibit 1.

6.    Bolo Cellars, LLC, failed to comply with the cease-and-desist request.

7.    Bolo Cellars, LLC, continues to violate the alcohol sale and shipping laws imposed by the Michigan Liquor Control Code and, in so doing, threatens the health, safety, and welfare of Michigan citizens.

8.    The Twenty-first Amendment to the United States Constitution prohibits "[t]he transportation or importation into any State, Territory, or Possession of the United States for delivery or use therein of intoxicating liquors, in violation of laws thereof."  U.S. Const. Amend. XXI, § 2.

9.    This lawsuit is required to restrain Bolo Cellars, LLC, from engaging or continuing to engage in the violations alleged, to enforce compliance with Michigan law, to enforce Michigan's authority over the transportation and importation of alcoholic liquor into Michigan, and to protect the health, safety, and welfare of its citizens.  *See* 27 U.S.C. § 122a(b)(1)-(2).

## II.   **PARTIES**

10.    Plaintiff, Attorney General Dana Nessel, brings this suit in her official capacity.

11.    Defendant, Bolo Cellars, LLC, is a California limited liability company that conducts business under the names "Hammerling Wines," "Blue Ox Wine Co," or both, at 1350 5th St., Berkeley, CA.  Defendant's registered principal address is 1375 4th Street, Berkeley, CA.

## III.   **JURISDICTION**

12.    The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, permits state attorneys general to bring a civil action in federal district courts when the attorney general "has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a state law regulating the importation or transportation of any intoxicating liquor."  27 U.S.C. § 122a(b).

13.    "Intoxicating liquor" is defined in the Twenty-first Amendment Enforcement Act as "any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind."  27 U.S.C. § 122a(a)(2).

4

14.     This Court has jurisdiction pursuant to subsection (c)(1) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(1), which provides in relevant part:

> The district courts of the United States shall have jurisdiction over any action brought under this section by an attorney general against any person, except one licensed or otherwise authorized to produce, sell, or store intoxicating liquor in such state.

15.     Bolo Cellars, LLC, is not licensed or otherwise authorized to produce, sell, or store intoxicating liquor in the State of Michigan.

16.     Plaintiff's state law claims are so related to the action over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  As such, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

## IV.   <u>VENUE</u>

17.     The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2), provides that "[a]n action under this section may be brought only in accordance with section 1391 of Title 28 or in the district in which the recipient of the intoxicating liquor resides or is found."

18.     Bolo Cellars, LLC, has made an illegal sale and shipment of intoxicating liquor to an MLCC investigator who resides in Posen, Michigan.

19.     Posen, Michigan, is located in the Eastern District of Michigan federal judicial district.

20.     Venue in the Eastern District is therefore appropriate pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2).

## V.     **BACKGROUND**

21.     Since 2015, with the close assistance of the Attorney General's Alcohol and Gambling Enforcement Division, the MLCC has focused on unlicensed entities illegally selling and shipping beer and wine to consumers in Michigan.

22.     For the reasons alleged in this Complaint, Plaintiff has reasonable cause to believe that Bolo Cellars, LLC, is violating Michigan laws governing the transportation and importation of intoxicating liquor.

23.     Bolo Cellars, LLC, continues to sell and ship wine directly to Michigan consumers despite not holding a direct shipper license in the

State of Michigan.  Defendant's activities constitute illegal importation of intoxicating liquors.

24.     Michigan law generally prohibits a person from selling, delivering, or importing alcoholic liquor in Michigan unless the "sale, delivery, or importation is made by the [C]ommission, the [C]ommission's authorized agent or distributor, an authorized distribution agent approved by order of the [C]ommission, a person licensed by the [C]ommission, or by prior written order of the [C]ommission."  Mich. Comp. Laws § 436.1203(1).

25.     "Alcoholic liquor" is defined in the Michigan Liquor Control Code as:

> any spiritous, vinous, malt, or fermented liquor, powder, liquids, and compounds, whether or not medicated, proprietary, patented, and by whatever name called, containing ½ of 1% or more of alcohol by volume that are fit for use for food purposes or beverage purposes as defined and classified by the [C]ommission according to alcoholic content as belonging to 1 of the varieties defined in this chapter.

Mich. Comp. Laws § 436.1105(3).

26.     Michigan allows only "direct shipper" licensees to sell and ship wine from outside the state directly to consumers in Michigan.  *See*

7

Mich. Comp. Laws § 436.1203(4). "Direct shipper" is defined in the

Michigan Liquor Control Code as either of the following:

(i)     A wine manufacturer that sells, delivers, or imports wine
        it has manufactured, bottled, and registered with the
        [C]ommission, to consumers in this state, that is
        transacted . . . through the use of any mail order, internet,
        telephone, computer, device, or other electronic means, or
        sells directly to consumers on the winery premises.

(ii)    A wine manufacturer that purchases wine from another
        wine manufacturer and further manufactures or bottles
        the wine or purchases shiners of wine from another wine
        manufacturer in compliance with section 204a, registers
        the wine with the [C]ommission and sells the wine to
        consumers in this state that is transacted . . . through the
        use of any mail order, internet, telephone, computer,
        device, or other electronic means, or sells directly to
        consumers on the winery premises.

Mich. Comp. Laws § 436.1203(25)(i).

27.    Only a licensed Michigan wine maker or an out-of-state wine

manufacturer holding both a federal basic permit and a license to

manufacture wine in its state of domicile may qualify for a direct

shipper license.  Mich. Comp. Laws § 436.1203(10).

28.    Wine satisfies the definitions of "intoxicating liquor" in the

Twenty-first Amendment Enforcement Act and "alcoholic liquor" in the

Michigan Liquor Control Code.

## VI.   <u>FACTS</u>

29.    Bolo Cellars, LLC, has not applied for or received a license to sell or ship alcoholic liquor pursuant to the Michigan Liquor Control Code.

### <u>2021 Shipment</u>

30.    In April 2022, an MLCC investigator reviewed a common carrier report that was submitted to the MLCC pursuant to Mich. Comp. Laws § 436.1203(19) concerning shipments of intoxicating liquor into Michigan in 2021.  The report showed that one shipment was sent to a Michigan address by Bolo Cellars, LLC, on September 29, 2021.

### <u>Cease-and-Desist Letter</u>

31.    Based on the MLCC investigator's findings, the Michigan Department of Attorney General sent a cease-and-desist letter to Defendant's mailing address on or about April 21, 2022.  Exhibit 1 at pp. 7-9.

32.    Additional copies of the cease-and-desist letter were sent to the address for the registered agent for Bolo Cellars, LLC, as listed by the California Secretary of State, Exhibit 1 at pp. 1-3, as well as an

additional address licensed by the California Department of Alcoholic Beverage Control for Bolo Cellars, LLC, Exhibit 1, pp. 4-6.

33.     The letters were sent via certified mail to each address, return receipt requested.  Return receipts were returned to the Michigan Department of Attorney General confirming that the cease-and-desist letters were received at all three addresses.

34.     The cease-and-desist letter also included an excerpt from a common carrier report covering September 2021 that reflected one shipment of alcoholic liquor into Michigan by Bolo Cellars, LLC. Exhibit 1 at pp. 3, 6, 9.

35.     The cease-and-desist letter informed Bolo Cellars, LLC, that its practice of directly shipping wine to consumers in the State of Michigan without possessing a direct shipper license is illegal. Furthermore, the cease-and-desist letter stated that legal action would result if Bolo Cellars, LLC, continued its illegal activity of selling and shipping alcoholic liquor to consumers in Michigan without the proper license.  See Exhibit 1.

**Subsequent Shipments**

36.    To investigate whether Bolo Cellars, LLC, had discontinued its illegal shipments following the April 21, 2022, cease-and-desist letter, an MLCC investigator placed on order on Defendant's website, www.Hammerlingwines.co, on March 15, 2023, for the purchase and shipment of one 750 ml bottle of 2021 Youth of the Beast Red wine and one 750ml bottle of 2022 Summer Hum Rose.  The MLCC investigator purchased the bottles of wine for $58.00 and paid $34.00 for shipping and $3.48 in sales tax.  Exhibit 2 (Order Confirmation).

37.    On or about March 21, 2023, the MLCC investigator received a package addressed to the MLCC investigator containing one 750 ml bottle of 2021 Youth of the Beast Red wine and a 750 ml bottle of 2022 Summer Hum Rose at his home in Posen, Michigan.  Exhibit 3 (packing slip) and Exhibit 4 (photographs of wine bottle).

38.    On or about April 25, 2023, the MLCC investigator, believing that the March 15, 2023 order had not been delivered, requested a replacement for the March 15, 2023 wine order.  Exhibit 5 at pp. 1. Bolo Cellars sent a replacement delivery to the investigator's home in

Posen, Michigan, that was received on May 2, 2023.  The return address

on the package fulfilling the investigator's order read:

> Josh Hammerling
> Hammerling Wines
> 1350 Fifth St
> Berkeley CA 94710
> US

  Exhibit 5 at pp. 2-3.

## **COUNT I**

## **CAUSE OF ACTION UNDER TWENTY-FIRST AMENDMENT ENFORCEMENT ACT**

39.    Plaintiff incorporates by reference paragraphs 1-38 as if fully

restated herein.

40.    Subsection (b) of the Twenty-first Amendment Enforcement

Act, 27 U.S.C. § 122a(b), provides for temporary and permanent

injunctive relief, as follows:

> If the attorney general has reasonable cause to believe that a
> person is engaged in, or has engaged in, any act that would
> constitute a violation of a State law regulating the
> importation or transportation of any intoxicating liquor, the
> attorney general may bring a civil action in accordance with
> this section for injunctive relief (including a preliminary or
> permanent injunction) against the person, as the attorney
> general determines to be necessary to--
>
> (1) restrain the person from engaging, or continuing to
> engage, in the violation; and

(2) enforce compliance with the State law.

41.    Because Bolo Cellars, LLC, lacked a direct shipper license, its sale of wine and its shipment of wine to a Michigan consumer violated the prohibition in Mich. Comp. Laws § 436.1203(1).

42.    Because Bolo Cellars, LLC, does not fit within one of the categories of persons permitted to sell, deliver, or import wine or beer in Mich. Comp. Laws § 436.1204(1), its sales and shipments of wine violate that statute.

43.    Both Mich. Comp. Laws § 436.1203 and § 436.1204 are state laws regulating the importation and transportation of intoxicating liquor.

44.    Defendant has also violated section 901(1) of the Michigan Liquor Control Code, Mich. Comp. Laws § 436.1901(1), which also regulates the importation and transportation of intoxicating liquor. That provision states:

> A person, directly or indirectly, himself or herself or by his or her clerk, agent or employee shall not manufacture, manufacture for sale, sell, offer or keep for sale, barter, furnish, or import, import for sale, transport for hire, or transport, or possess any alcoholic liquor unless the person complies with this act.

13

45.    Absent temporary and permanent injunctive relief, Defendant may make similar illegal sales and shipments of alcoholic liquor to Michigan consumers in the future.

46.    All nonjudicial means of restraining Bolo Cellars, LLC, from engaging in these violations and enforcing compliance with these Michigan laws have proven inadequate.

47.    Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act prohibiting Bolo Cellars, LLC, from making future sales and shipments of alcoholic liquor to Michigan consumers.

## COUNT II

## MICHIGAN CONSUMER PROTECTION ACT VIOLATIONS

48.    Plaintiff incorporates by reference paragraphs 1-47 as if fully restated herein.

49.    Bolo Cellars, LLC, has engaged in illegal alcohol sales and shipments to a Michigan consumer.

50.    These practices by Bolo Cellars, LLC, constitute unlawful "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce" under section 3 of the Michigan

14

Consumer Protection Act, Mich. Comp. Laws § 445.903(1), because, by

these actions, Bolo Cellars, LLC, has:

> (a)  Caus[ed] a probability of confusion or misunderstanding
> as to . . . the approval . . . of goods or services.
>
> * * *
>
> (c)  Represent[ed] that goods . . . have approval . . . that they
> do not have . . . .
>
> * * *
>
> (n)  Caus[ed] a probability of confusion or of
> misunderstanding as to the legal rights . . . of a party to a
> transaction.
>
> * * *
>
> (s)  Fail[ed] to reveal a material fact, the omission of which
> tends to mislead or deceive the consumer, and which fact
> could not be reasonably known by the consumer.
>
> * * *
>
> (bb)  Ma[de] a representation of fact . . . material to the
> transaction such that a person reasonably believes the
> represented . . . state of affairs to be other than it actually is.
>
> * * *
>
> (cc)  Fail[ed] to reveal facts which are material to the
> transaction in light of representations of fact made in a
> positive manner.

51.    Section 5(1) of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.905(1), provides for penalties for each violation of the Act up to $25,000.00, including injunctive relief and costs.

52.    Accordingly, Defendant is liable for and should be assessed civil penalties for each of the Michigan Consumer Protection Act violations.

## **REQUESTED RELIEF**

Plaintiff respectfully requests this Honorable Court to enter an Order providing for:

a)    Preliminary and permanent injunctive relief under the Twenty-first Amendment Enforcement Act enjoining Defendant from continuing to violate the applicable provisions of the Michigan Liquor Control Code;

b)    Preliminary and permanent injunctive relief under the Michigan Consumer Protection Act enjoining Defendant from continuing to violate the applicable provisions of that Act, Mich. Comp. Laws § 445.905(1);

c)    The imposition of cumulative civil penalties against Defendant pursuant to section 5(1) of the Michigan

Consumer Protection Act, specifically $25,000.00 for each

violation of the Act, including violations learned of through

the course of discovery, Mich. Comp. Laws § 445.905(1).

d)      Reimbursement of investigative expenses incurred,

Mich. Comp. Laws § 445.905(1).

e)      An award of costs and attorney fees, Mich. Comp. Laws

§ 445.905(1);

f)      Any other relief determined to be just and appropriate.

Respectfully submitted,

/s/ Rosendo Asevedo, Jr.

Rosendo Asevedo, Jr. (P28369)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Alcohol & Gambling Enf. Division
25680 W. 8 Mile Rd.
Southfield, MI  48033
(313) 456-1180
asevedor@michigan.gov

Dated:  July 17, 2023