UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANA NESSEL, Attorney
General of the State of Michigan,

    Plaintiff,

v.

BOLO CELLARS, LLC,

    Defendant.
_____

No. 2:23-cv-11705-TLL-PTM

HON. THOMAS L. LUDINGTON

Rosendo Asevedo, Jr. (P28369)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Alcohol & Gambling Enf. Div.
25680 W. 8 Mile Road
Southfield, MI 48033
(313) 456-1180
AsevedoR@Michigan.gov
_____/

**PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT
PURSUANT TO FED. R. CIV. P. 55(B)**

Plaintiff Dana Nessel, Attorney General of the State of Michigan, by counsel, Rosendo Asevedo, Jr., and Melinda A. Leonard, Assistant Attorneys General, asks this Court to enter a default judgment against Defendant, Bolo Cellars, LLC, following the clerk's entry of default on

October 30, 2023, pursuant to Fed. R. Civ. P. 55(b), for the reasons stated in the accompanying brief.

Because Defendant has not yet answered the complaint, Defendant's concurrence in this motion has not been sought.

                                                 Attorneys for Plaintiff

                                                 /s/ Rosendo Asevedo, Jr.
                                               Rosendo Asevedo, Jr. (P28369)
                                               Melinda A. Leonard (P63638)
                                               Assistant Attorneys General
                                               Alcohol & Gambling Enforcement Div.
                                               25680 W. 8 Mile Road
                                               Southfield, MI 48033
                                               (313) 456-1180
                                               AsevedoR@Michigan.gov

Dated: December 5, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANA NESSEL, Attorney
General of the State of Michigan,

      Plaintiff,

v.

BOLO CELLARS, LLC,

      Defendant.
_____/

No. 1:23-cv-11705-TLL-PTM

HON. THOMAS L. LUDINGTON

Rosendo Asevedo, Jr. (P28369)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Alcohol & Gambling Enf. Div.
25680 W. 8 Mile Road
Southfield, MI 48033
(313) 456-1180
AsevedoR@Michigan.gov

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO ENTER DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(B)**

## CONCISE STATEMENT OF ISSUE PRESENTED

The issue presented is whether the Court should issue a default judgment for injunctive relief and $25,000.00 in civil fines, plus $402.00 in costs, against Defendant, Bolo Cellars, LLC.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>: Fed. R. Civ. P. 55

*Allstate Ins. Co. v Cantrell Funeral Home Inc.*, 506 F. Supp. 3d 529 (E.D. Mich. 2020).

Plaintiff asks this Court to enter a default judgment imposing a permanent injunction and awarding $25,000.00 in fines, following the Clerk's entry of default, pursuant to Fed. R. Civ. P. 55(a). Because the Complaint did not request relief in a sum certain, Plaintiff makes this request of the Court, rather than the Clerk. *See* Fed. R. Civ. P. 55(b)(2).

## STATEMENT OF FACTS

On July 17, 2023, Plaintiff filed a Complaint for Preliminary and Permanent Injunction Pursuant to the Twenty-first Amendment Enforcement Act and Michigan Consumer Protection Act against Defendant, Bolo Cellars, LLC, (Bolo Cellars) in this Court. The Court issued the summons on the next day, and Plaintiff served Bolo Cellars' registered agent of record on July 21, 2023.

Bolo Cellars failed to respond in any way to the complaint. Therefore, on October 27, 2023, Plaintiff requested that the Clerk enter a default pursuant to Fed. R. Civ. P 55(a). The Clerk entered the default on October 30, 2023. Notice of the default was sent to Bolo Cellars' registered agent on November 1, 2023. Bolo Cellars has not responded to the entry of default.

3

# ARGUMENT

As stated above, Fed. R. Civ. P. 55(b) allows the Court to enter a default judgment once the Clerk enters a default and a party requests that the Court enter a default judgment. Whether the plaintiff has demonstrated that the Court should enter a default judgment is a matter within this Court's discretion. *See Allstate Ins. Co. v. Cantrell Funeral Home Inc.*, 506 F. Supp. 3d 529, 541 (E.D. Mich. 2020).

Now that a default has been entered by the Clerk, Plaintiff's well-pleaded allegations are deemed admitted, *Allstate Ins.*, 506 F. Supp. 3d at 540, and Plaintiff's claims are considered established as a matter of law, *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citations omitted). Accordingly, Plaintiff now requests that the Court enter a judgment based on those allegations and legal claims; the details of the requested judgment are described below under "Relief Requested." The default judgment that Plaintiff requests does not differ in kind from or exceed the amount demanded in the Complaint. *See* Fed. R. Civ. Pro. 54(c).

More specifically, Count I of the Complaint alleges that Bolo Cellars, a California winery, has illegally shipped liquor to Michigan

4

residents without a license or any other approval from the Michigan Liquor Control Commission, in violation of Mich. Comp. Laws § 436.1203(1) and other Michigan laws, including Mich. Comp. Laws § 436.1204(1). Both Mich. Comp. Laws § 436.1203 and § 436.1204 are state laws regulating the importation and transportation of intoxicating liquor and, thus, support granting Plaintiff relief under the Twenty-first Amendment Enforcement Act, 27 U.S.C. 122a(b). Now that Defendant has been defaulted, Plaintiff requests that the Court permanently enjoin Bolo Cellars from making illegal sales and shipments of alcoholic liquor to Michigan consumers.

Count II of the Complaint alleges that, by making illegal alcohol sales and shipments to a Michigan consumer, Bolo Cellars has engaged in unfair, unconscionable, or deceptive practices in the conduct of trade that are prohibited under Section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903(1). Section 5(1) of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.905(1), provides for penalties for each violation of the Act up to $25,000.00, in addition to injunctive relief and costs. Thus, Plaintiff requests that as a penalty for a violation of the Michigan Consumer Protection Act, Bolo

5

Cellars be assessed a $25,000.00 fine and, as above, be permanently enjoined from violating Michigan's Consumer Protection Act through illegal alcohol sales and shipments.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, Plaintiff respectfully requests that this Honorable Court grant this Motion to Enter Default Judgment Pursuant to Fed. R. Civ. P. 55(b) and enter a judgment containing the following terms:

1. Bolo Cellars, LLC, is permanently enjoined from making illegal sales and/or shipments of alcoholic liquor to Michigan consumers, *see* MCL §§ 436.1203(1), 436.1204(1), and 436.1901(1), as a penalty under the Twenty-first Amendment Enforcement Act and the Michigan Consumer Protection Act, *see* Mich. Comp. Laws § 445.905(1).  The injunction applies to all persons listed in Fed. R. Civ. Pro. 65(2).

2. Plaintiff is granted a judgment against Bolo Cellars, LLC, for $25,000.00 as a civil fine because of Defendant's violation of the Michigan Consumer Protection Act, together with interest at

    the rate permitted under 28 U.S.C. § 1961 from the date of this judgment until paid.

3. Plaintiff is also awarded costs in the amount of $402.00, for the cost of filing the Complaint.

                                                Attorneys for Plaintiff

                                                /s/ Rosendo Asevedo, Jr.
                                                Rosendo Asevedo, Jr. (P28369)
                                                Melinda A. Leonard (P63638)
                                                Assistant Attorneys General
                                                Alcohol & Gambling Enf. Div.
                                                25680 W. 8 Mile Road
                                                Southfield, MI 48033
                                                (313) 456-1180
                                                AsevedoR@Michigan.gov

Dated: December 5, 2023

## CERTIFICATION UNDER LOCAL RULES

I, Rosendo Asevedo, Jr., certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14-point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

                Attorneys for Plaintiff

                /s/ Rosendo Asevedo, Jr.
                Rosendo Asevedo, Jr. (P28369)
                Melinda A. Leonard (P63638)
                Assistant Attorney General
                Alcohol & Gambling Enf. Div.
                25680 W. 8 Mile Road
                Southfield, MI 48033
                (313) 456-1180
                AsevedoR@Michigan.gov

Dated: December 5, 2023