UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANA NESSEL, Attorney General of the
State of Michigan,

        Plaintiff,

v.

BOLO CELLARS, LLC,

        Defendant.
_____/

Case No. 1:23-cv-11705

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, ENTERING DEFAULT JUDGMENT FOR PLAINTIFF, AWARDING COSTS, AND PERMANENTLY ENJOINING DEFENDANT FROM MAKING ILLEGAL SALES OR SHIPMENTS OF ALCOHOLIC LIQUOR TO MICHIGAN**

After being alerted that Defendant Bolo Cellars, LLC, sent wine to an address in Michigan without licensure by the Michigan Liquor Control Commission (MLCC), Michigan Attorney General Dana Nessel sent a cease-and-desist letter to Defendant in April 2022. Yet eleven months later, Defendant again sent a shipment of wine to a Michigan address without the necessary MLCC licensure. Accordingly, the Michigan Attorney General filed this Complaint to collect $25,000.00 in civil fines from Defendant and to enjoin Defendant from continuing to violate Michigan law. Defendant was served but never filed a response and a clerk's entry of default was entered in October 2023. Plaintiff now seeks default judgment against Plaintiff in the amount of $25,000 and a permanent injunction, as well as $402 in costs. As explained below, Plaintiff's Motion will be granted in part.

I.

Plaintiff—the Michigan Attorney General—alleges that in April 2022, an MLCC investigator received a report which "showed that" Defendant—Bolo Cellars, LLC—sent a "shipment" of wine to a Michigan address on September 29, 2021, but did not have the necessary MLCC license to do so. ECF No. 1 at PageID.9. Accordingly, Plaintiff "sent a cease-and-desist letter" to Defendant at three addresses in late April 2022.[1] *Id.* at PageID.9.

After all three cease-and-desist letters were delivered, an MLCC investigator ordered two bottles of wine from Defendant's website on March 15, 2023. *Id.* at PageID.11. Six days later, the MLCC investigator received a package from Defendant containing two bottles of wine. *Id.* And on April 25, 2023, the MLCC investigator requested a replacement for the March 2023 order, and Defendant sent a replacement shipment, again containing two bottles of wine. *Id.*

Accordingly, in July 2023, Plaintiff filed this Complaint seeking a temporary and permanent injunction under the Twenty-First Amendment Enforcement Act (the "Enforcement Act") "enjoining Defendant from continuing to violate the applicable provisions of the Michigan Liquor Control Code," and the Michigan Consumer Protection Act (MCPA). *Id.* at PageID.16. Plaintiff also sought civil penalties under the MCPA "for each violation of the Act," reimbursement of investigative expenses, and the award of costs and attorney's fees. *Id.* at PageID.16–17.

On October 2, 2023, Plaintiff served Defendant with the Complaint and Summons, making Defendant's answer due on October 23, 2023. ECF No. 3. But Defendant did not file an answer.

---

[1] Plaintiff states she sent a cease-and-desist letter to Defendant's mailing address, the address for Defendant's registered agent as listed by the California Secretary of State, and "an additional address licensed by the California Department of Alcoholic Beverage Control" for Defendant. ECF No. 1 at PageID.9–10.

So, on October 27, 2023, Plaintiff filed a request for a clerk's entry of default. ECF No. 5. Three days later, a Clerk's Entry of Default was issued. ECF No. 6. On December 5, 2023, Plaintiff filed a motion for default judgment, seeking an order of judgment that (1) permanently enjoins Defendant "from making illegal sales and/or shipments of alcoholic liquor to Michigan consumers;" (2) awards Plaintiff judgment against Defendant for $25,000 as a civil fine with interest; and (3) awards costs in the amount of $402. ECF No. 9 at PageID.57–58.

## II.

District courts may enter default judgment against a party who has "failed to plead or otherwise defend" an action and against whom the Clerk of the Court has entered a default. *See* FED. R. CIV. P. 55(a), (b)(2); *see also Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) ("When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true.").

Yet a plaintiff seeking default judgment under Civil Rule 55(b)(2) is "not entitled to a default judgment as of right." 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2685 (4d ed.). Courts must "exercise sound judicial discretion" in deciding if default judgment is proper. *Id.* As part of that analysis, courts must determine whether the plaintiff's well-pleaded factual allegations "are sufficient to state a claim for relief with respect to [its] claims." *See Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016).

Although well-pleaded factual allegations in a complaint are taken as true when a defendant is in default, damages are not. *Ford Motor Company*, 441 F. Supp. 2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). Under Civil Rule 55(b)(2), the district court "may conduct hearings . . . to determine the [applicable] amount of damages" or "establish the truth of any allegation by

evidence." FED. R. CIV. P. 55(b)(2). Having carefully reviewed the record, this Court finds that no hearing is necessary.

**III.**

Having considered the well-pleaded facts in Plaintiff's Complaint, Plaintiff is entitled to a default judgment under the relevant law. *See generally* ECF No. 1; *see also* Mary Kay Kane, 10A FED. PRAC. & PROC. CIV. § 2688.1 (4th ed.) ("Even after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.").

Beginning with Count I, Plaintiff alleges facts that—now accepted as true—establish she is entitled to permanent injunctive relief under the Enforcement Act, 27 U.S.C. § 122; *see also* ECF No. 1 at PageID.12–14. The Enforcement Act prohibits shipping liquor from one state to another when the "intoxicating liquor is intended, by any person interested therein, to be received . . . or in any manner used . . . in violation of any law of such State." *Id.* Because Defendant was not "licensed by the" MLCC to sell or deliver alcoholic liquor in the state of Michigan, the sale and delivery detailed by Plaintiff violated Michigan law. MICH. COMP. LAWS § 436.1203(1). Thus, by violating state law, Defendant violated the Enforcement Act. And the Enforcement Act explicitly permits state attorneys general to seek injunctive relief to restrain people from violating state law "regulating the importation or transportation of any intoxicating liquor" and enforce compliance with such state law. 27 U.S.C. § 122a(b). In sum, Plaintiff is entitled to the requested injunctive relief under the Enforcement Act.

Turning to Count II, Plaintiff similarly alleges facts that entitle her to relief under Michigan law. ECF No. 1 at PageID. 14-16. Plaintiff alleges Defendant violated the MCPA by engaging in "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or

commerce." MICH. COMP. LAWS § 445.903(1); *see also id.* at PageID.14–16. Specifically, the MCPA prohibits people from "[r]epresenting that goods . . . have approval . . . that they do not have." MICH. COMP. LAWS § 445.903(1)(c). Plaintiff has alleged that Defendant represented that its wine was approved for sale in Michigan, when it was not. *See* ECF No. 1-2 at PageID.19–20. Accordingly, the MCPA authorizes the Michigan Attorney General "to bring an action to restrain a defendant from committing an act that is unlawful under section 3 [of the MCPA], if the Attorney General has 'probable cause to believe that a person has engaged, is engaging, or is about to engage' in such an act. *Nessel v. Vokel Cellars, Inc.*, No. 21-12335, 2022 WL 12419660, at *3 (E.D. Mich. Oct. 21, 2022) (quoting MICH. COMP. LAWS § 445.905(1), (3)). The MCPA also authorizes courts in such actions to "assess the defendant a civil fine of not more than $25,000.00" for "persistent and knowing violation" of section 3 of the MCPA. MICH. COMP. LAWS § 445.905(1). In sum, under the MCPA, Plaintiff is entitled to injunctive relief and this Court is authorized to assess fines.

Importantly, though, it is Plaintiff's burden to prove the amount of damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (explaining that "allegations in the complaint with respect to the amount of the damages are not deemed true" after default). Plaintiff seeks an order imposing a $25,000 civil fine under the MCPA with interest. ECF No. 9 at PageID.55–56. But the MCPA does not *require* a $25,000 civil fine for a knowing violation of section 3, it merely *limits* the civil fine to "*not more than* $25,000.00." MICH. COMP. LAWS § 445.095(1) (emphasis added). Here—where the Complaint alleges Defendant made two shipments to Michigan in March and April 2023 stemming from one order—this Court concludes that a fine of $10,000.00 is appropriate. *See Nessel v. Vokel Cellars, Inc.*, No. 21-12335, 2022 WL 12419660, at *3 (E.D.

Mich. Oct. 21, 2022) (concluding a $12,500.00 fine was "appropriate" under the MCPA where Defendant "made four shipments of wine to Michigan residents" between 2018 and 2019).

In sum, Plaintiff's Motion will be granted in part, default judgment will be entered in favor of Plaintiff, Plaintiff will be awarded costs in the amount of $402.00, Defendant will be fined $10,000.00 under the MCPA, and Defendant will be permanently enjoined from making illegal sales and shipments to Michigan.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 9, is **GRANTED IN PART**.

Further, it is **ORDERED** that default judgment is **ENTERED** in favor of Plaintiff and against Defendant in the amount of $10,000.00 as a civil fine, with interest at the rate permitted under 28 U.S.C. § 1961 from the date of this judgment until paid.

Further, it is **ORDERED** that Plaintiff is **AWARDED** costs in the amount of $402.00.

Further, it is **ORDERED** that Defendant is **PERMANENTLY ENJOINED** from making illegal sales or shipments of alcoholic liquor to Michigan consumers under Mich. Comp. Laws §§ 436.1203(1); 436.1204(1); and 436.1901(1), as a penalty under the Twenty-First Amendment Enforcement Act, 27 U.S.C. § 122, and the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.905(1).

**This is a final order closes the above-captioned case.**

Dated: April 16, 2024                     s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge